Steven I. Kern (SK-9019)
Robert J. Conroy (RC-8060)
Kern Augustine
Conroy & Schoppmann, P.C.
1120 Route 22 East
Bridgewater, NJ 08807
908-704-8585
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NEW JERSEY PHYSICIANS, INC., MARIO A. CRISCITO, M.D., AND PATIENT ROE,** <br><br> Plaintiffs, <br><br> v. <br><br> **THE HON. BARACK OBAMA, President** of the United States, *in his official capacity*, <br><br> **THE HON. TIMOTHY GEITHNER, Secretary of the Treasury of the United States,** *in his official capacity*, <br><br> **THE HON. ERIC HOLDER, Attorney General of the United States,** *in his official capacity* <br><br> and <br><br> **THE HON. KATHLEEN SEBELIUS, Secretary of the United States Department of Health and Human Services,** *in her official capacity*, <br><br> Defendants. | FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CERTIFICATION PURSUANT TO L. CIV. R. 11.2 <br><br> Civil Action <br><br> Civ. No. 2:10-cv-01489 (SDW – MCA) |

New Jersey Physicians, Inc., Mario A. Criscito, M.D. and Patient Roe, Plaintiffs herein, by and through their undersigned counsel, complain of the Defendants as follows:

## PARTIES

1. Plaintiff, New Jersey Physicians, Inc. ("NJP"), is a non-profit corporation organized in and a citizen of the State of New Jersey.  NJP is engaged in advocacy, policy research, and general and professional education relating to the public health and welfare.  It has as a primary purpose the protection and advancement of patient access to affordable, quality healthcare.  It is an advocate for its physician members and their patients, whom they are privileged to serve.  NJP numbers among its members physicians who hold plenary licenses to practice medicine and surgery issued by the sovereign State of New Jersey and who are, themselves, patients and consumers of healthcare services.  NJP's members and their patients will be directly affected by the legislation at issue in this complaint, should the same become effective.  The interests of NJP's members will be adequately protected by NJP's participation in this lawsuit; the participation of each and every one of NJP's physician members in this lawsuit, on an individual basis, is not required in order for this Court to address the issues posed by this action or grant redress which will affect all of those members.

2. Plaintiff, Mario A. Criscito, M.D. ("Dr. Criscito"), of full legal age, is a member of Plaintiff NJP and is a physician who holds a plenary license to practice medicine and surgery that was issued by the sovereign State of New Jersey, specializing and Board-certified in the practice of cardiology.  Dr. Criscito, in the course of his individual practice of medicine, treats patients who are citizens of the State of New Jersey and the United States of America.  Some of those patients pay Dr. Criscito for his

care and do not rely on a third-party payor to do so on their behalf.  Plaintiff Roe is a patient of Dr. Criscito who pays himself for his care.

3. Mr. Roe, of full legal age, is a citizen of the State of New Jersey who chooses who and how to pay for the medical care he receives from Dr. Criscito and others.

4. Defendant Barack Obama is the President of the United States, who in his official capacity, after adoption in full accord with the Constitution by the Senate and House of Representatives (the "House") may sign bills into law. As the head of the Executive Branch, he is empowered to direct and enforce the laws of the United States, but the power must stem "either from an act of Congress or from the Constitution itself." *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 585 (1952).

5. Defendant Timothy Geithner is the United States Secretary of the Treasury, and is responsible for formulating economic and tax policy, managing the public debt and overseeing the collection of taxes and enforcement of the tax laws of this country.

6. Defendant Eric Holder is the United States Attorney General, heads the United States Department of Justice and is the chief law enforcement officer of the United States Government, with the responsibility for bringing civil and criminal actions to assure that the laws of the United States are upheld.

7. Defendant Kathleen Sebelius is the United States Secretary of Health and Human Services, responsible for the operation of the largest civilian department in the Federal government and the administration of Federal health programs, including Medicare and Medicaid.

8. Each of the Defendants is sued in his or her official capacity only.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201 and 2202, and is authorized to enter declaratory judgment pursuant to 28 U.S.C. § 2001, *et seq*. This case arises under the Constitution and laws of the United States.

10. Venue lies in this Court pursuant to 28 U.S.C. § 1391(e)(3).

**FACTS**

11. In an unprecedented effort to collectivize health care nationally and among others, and to mandate that individual citizens of the sovereign states purchase insurance to pay for this collectivized health care the Defendant Obama, individually and in conjunction with others, including the other defendants, encouraged Congress to adopt H.R. 3590 (known variously as the "Senate Healthcare Reform Bill," the "Senate Bill," the "Healthcare Reform Bill" and the "Patient Protection and Affordable Care Act," and herein referred to as the "PPACA").

12. In or about December, 2009, the United States Senate passed the PPACA.

13. On March 21, 2010, the United States House of Representatives passed the PPACA.

14. On March 23, 2010, Defendant Obama signed the PPACA.

15. On March 21, 2010, the House of Representatives passed H.R. 4872, entitled the "Health Care and Education Reconciliation Act of 2010," hereinafter referred to as the "Reconciliation Act," purporting to correct certain defects and "mistakes" contained in the PPACA.

16. On March 25, 2010, the Senate passed the Reconciliation Act. As of the date of this Amended Complaint, the defendant, President Obama, signed the Reconciliation Act on March 30, 2010.

17. Section 1501 of the PPACA contains an individual mandate which will require a majority of the citizens of the United States to purchase health insurance for themselves and their dependents, subject to a civil penalty.

## COUNT I

18. The foregoing paragraphs of this complaint are incorporated herein by this reference as if fully and completely set forth.

19. The PPACA, to the extent it mandates individual citizens of the United States to purchase policies of health insurance, or face legal penalties in the event they choose not to purchase such policies of health insurance, exceeds the enumerated powers of the Federal government as set forth in the Constitution of the United States, and as such is an illegal exercise of power and is void and of no force or effect.

20. The PPACA, to the extent it mandates individual citizens of the United States to purchase policies of health insurance, or face legal penalties in the event they choose not to purchase such policies of health insurance, is not a valid exercise of Congressional power pursuant to the Commerce Clause of in the Constitution of the United States, Article I, § 8, and as such is an illegal exercise of power and is void and of no force or effect.

21. There is no legal authority to support the regulation of the mere status of a person as a citizen of the United States as being a manifestation of interstate commerce subject to regulation by the Federal Government. The mere status of being a United

5

States citizen is not a channel of interstate commerce, nor a person or thing in interstate commerce, nor is it an activity in any way connected with any commercial transaction or economic activity. Such status is, in fact, entirely passive. Indeed, if such status can be deemed to come within the scope of regulation of the Commerce Clause, then anything falls within the power of the Federal government to regulate, rendering the limitations imposed by the Commerce Clause to be entirely meaningless. To permit the Federal government to mandate individual citizens of the United States to purchase goods or services would create a general police power, which is beyond the enumerated powers of the Federal government as set forth in the Constitution of the United States.

22. In *United States v. Lopez*, 514 U.S. 549 (1995) and *United States v. Morrison*, 529 U.S. 598 (2000), the Supreme Court struck down efforts to regulate non-commercial activities based upon their anticipated effects upon interstate commerce as being beyond the outer limits of the Commerce Clause. *See Gonzales v. Raich*, 545 U.S. 1 (2005)("Despite congressional findings that such crimes had an adverse impact on interstate commerce, we held the statute [in *Morrison*] unconstitutional because, like the statute in *Lopez*, it did not regulate economic activity.").

23. The PPACA's mandate that individual citizens purchase health insurance is an essential, non-severable provision of the entire Act, and the entire PPACA is therefore unconstitutional and invalid.

WHEREFORE the Plaintiffs pray that this Court enter judgment in their favor and against the defendants:

a. Adjudging and declaring that the PPACA is Unconstitutional, void and a legal nullity;

b. Permanently enjoining the defendants and any of their agents, subordinates, employees and all acting in concert with same from enforcing the PPACA under color of law;

c. Granting the Plaintiffs there costs, attorneys fees and whatever other monies this Court may deem appropriate in the attendant circumstances; and

d. Granting such other and further relief as this Court may deem appropriate.

## COUNT II

24. The foregoing paragraphs of this complaint are incorporated herein by this reference as if fully and completely set forth.

25. The PPACA, to the extent it imposes penalties upon individual citizens of the United States who do not comply with the Act's mandate to purchase policies of health insurance, exceeds the enumerated powers of the Federal government as set forth in the Constitution of the United States, and as such is an illegal exercise of power and is void and of no force or effect.

26. The PPACA, to the extent it imposes penalties upon individual citizens of the United States who do not comply with the Act's mandate to purchase policies of health insurance, is not a valid exercise of Congressional power pursuant to the Constitution of the United States, Article I, §§ 2 and 9, and as such is an illegal exercise of power and is void and of no force or effect.

27. Such penalties constitute, in law and in fact, direct taxes imposed upon individual citizens of the United States. They are imposed without regard to property, profession or any other circumstance, and are unrelated to any taxable activity or event.

They are to be imposed merely based upon the fact that a person exists, resides in the United States and does not purchase mandatory health insurance.

28. Article I, § 2, clause 3 of the Constitution of the United States provides, in relevant part, that "direct Taxes shall be apportioned among the several States which may be included within this Union, according to their respective Numbers."  The penalty provisions of the PPACA constitute a direct tax which is not apportioned among the several states according to the respective numbers of residents.

29. Article I, § 9, clause 4 of the Constitution of the United States provides, in relevant part, that "[n]o capitation, or other direct, Tax shall be laid, unless in Proportion to the Census or Enumeration herein before directed to be taken."  The penalty provisions of the PPACA constitute a capitation or direct tax which is not apportioned among the several states in proportion to the census.

30. Amendment XVI to the Constitution of the United States explicitly grants the Congress the "power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration."  No other constitutional authority exists excepting Congress from the limits on taxation imposed by Article I, §§ 2 and 9.

31. The penalty provisions of the PPACA are essential, non-severable provisions of the entire Act, and the entire PPACA is therefore unconstitutional and invalid.

WHEREFORE the Plaintiffs pray that this Court enter judgment in their favor and against the defendants:

a. Adjudging and declaring that the PPACA is Unconstitutional, void and a legal nullity;

b. Permanently enjoining the defendants and any of their agents, subordinates, employees and all acting in concert with same from enforcing the PPACA under color of law;

c. Granting the Plaintiffs there costs, attorneys fees and whatever other monies this Court may deem appropriate in the attendant circumstances; and

d. Granting such other and further relief as this Court may deem appropriate.

## **COUNT III**

32. The foregoing paragraphs of this complaint are incorporated herein by this reference as if fully and completely set forth.

33. Two branches of the United States Government have and are presently intending to transgress the requirements of the U.S. Constitution, rendering the liberty of citizens at stake. *Clinton v. City of New York*, 524 U.S. 417, 450 (1998)(Kennedy, J., concurring).

34. The conduct of the House, the Senate and the Defendants violates Plaintiffs' Fifth Amendment rights under the United States Constitution, which provides that "No person shall be . . . deprived of life, liberty, or property, without due process of law. . . ."

35. Under color of law, the Defendants intend to collect taxes, remove and replace insurance benefits, mandate insurance coverage, and re-write health insurance contracts affecting and involving Plaintiffs and their members and employees. The "reconciled" PPACA enacts broad and encompassing regulation forcing the collectivization of health care and the establishment of a system of socialized health care in this country.  It changes the law and places new regulatory and tax burdens on millions, including large

9

and small entities like the Plaintiff, individual physicians such as Dr. Criscito, and individuals and small employers like Dr. Criscito and Mr. Roe.

36. The PPACA is not necessary or proper to a lawful exercise of any of the enumerated powers permitted the Federal government, and undermines and compromises the sovereignty of the states.

37. Such actions by the Defendants violate the Plaintiffs' Constitutionally protected rights and are unlawful.

WHEREFORE the Plaintiffs pray that this Court enter judgment in their favor and against the defendants:

a. Adjudging and declaring that the PPACA is Unconstitutional, void and a legal nullity;

b. Permanently enjoining the defendants and any of their agents, subordinates, employees and all acting in concert with same from enforcing the PPACA under color of law;

c. Granting the Plaintiffs there costs, attorneys fees and whatever other monies this Court may deem appropriate in the attendant circumstances; and

d. Granting such other and further relief as this Court may deem appropriate.

## COUNT IV

38. The foregoing paragraphs of this complaint are incorporated herein by this reference as if fully and completely set forth.

39. The Constitutionally protected liberty interests of the Plaintiffs are at risk because the PPACA undermines investments in contracts which must be re-written and taxes health insurance plans into the future which businesses must account for

immediately.  Employees may be terminated and myriad business relationships and investments may be undermined by the contents and through the enforcement of various provisions in the 2,000-plus page Bill, which originated in the Senate and not the House in an effort to circumvent the will of the people.

40. The PPACA, as such, has not been adopted in a lawful and Constitutional manner, and denies the republican nature of our system of government.

41. The Plaintiffs and others similarly situated will be irreparably harmed by the Defendants' enforcement of the PPACA. Moreover, the interests of justice compel the granting of the relief sought herein; otherwise each of the health insurance contracts being modified or entered into under the compulsion of the PPACA will be subject to rescission or cancellation.  Similarly, every dollar of taxation levied and collected under the PPACA is a dollar not due its government and will be subject to protest and to claims for recovery.

WHEREFORE the Plaintiffs pray that this Court enter judgment in their favor and against the defendants:

a. Adjudging and declaring that the PPACA is Unconstitutional, void and a legal nullity;

b. Permanently enjoining the defendants and any of their agents, subordinates, employees and all acting in concept with same from enforcing the PPACA under color of law;

c. Granting the Plaintiffs their costs, attorneys fees and whatever other monies this Court may deem appropriate in the attendant circumstances; and

d. Granting such other and further relief as this Court may deem appropriate.

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

I certify that the matter in controversy is not the subject matter of any action pending in any Court, or in any arbitration or administrative proceeding.

          Respectfully submitted,

          Kern Augustine
          Conroy & Schoppmann, P.C.
          1120 Route 22 East
          Bridgewater, NJ 08807
          Attorneys for Plaintiffs

          By:

          _s/ Steven I. Kern_
          Steven I. Kern (SK-9019)
          A Member of the Firm

          And

          _s/ Robert J. Conroy_
          Robert J. Conroy (RC-8060)
          A Member of the Firm

Dated: Bridgewater, New Jersey
       March 30, 2010